ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| RUBÉN E. HERNÁNDEZ RIVERA<br><br>PETICIONARIO<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>RECURRIDO | KLCE202401392 | *Certiorari p*rocedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: GAAC2024-1018<br><br>Sobre: Revisiones boletos tránsito y Obras Públicas |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de enero de 2025.

Comparece Rubén E. Hernández Rivera (Hernández Rivera; peticionario), mediante el recurso de epígrafe y nos solicita que revoquemos una *Resolución Sobre Recurso de Revisión de Infracciones de Tránsito* en el caso Civil Núm. GAAC2024-1018 emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI).

Adelantamos que denegamos la expedición del auto discrecional de *certiorari* por falta de jurisdicción, al presentarse tardíamente.

**I**

Surge del expediente del caso de epígrafe que el TPI emitió, el 1 de noviembre de 2024, cuatro (4) resoluciones sobre revisión de infracción de tránsito.[1] En estas, el TPI declaró "Ha Lugar" el recurso de revisión instado por Hernández Rivera y ordenó al Secretario de

---

[1] Véase Apéndice del recurso, *Resolución Sobre Recurso de Revisión de Infracciones de Tránsito* del 1 de noviembre de 2024 en el caso Civil Núm. GAAC2024-1014; Apéndice del recurso, *Resolución Sobre Recurso de Revisión de Infracciones de Tránsito* del 1 de noviembre de 2024 en el caso Civil Núm. GAAC2024-1015; Apéndice del recurso, *Resolución Sobre Recurso de Revisión de Infracciones de Tránsito* del 1 de noviembre de 2024 en el caso Civil Núm. GAAC2024-1016; Apéndice del recurso, *Resolución Sobre Recurso de Revisión de Infracciones de Tránsito* del 1 de noviembre de 2024 en el caso Civil Núm. GAAC2024-1017.

Número Identificador
RES2025_____

Transportación y Obras Públicas (DTOP) a eliminar el gravamen anotado en el Registro de Vehículos de la licencia de conducir en los siguientes casos: Civil Núm. 2024-1014 (Boleto Número 92125001219); Civil Núm. GAAC2024-1015 (Boleto Número 92125001218); Civil Núm. GAAC2024-1016 (Boleto Número 92125001216) y; Civil Núm. GAAC2024-1017 (Boleto Número 92125001217). Además, se desprende del expediente que el TPI también tuvo ante su consideración el caso Civil Núm. GAAC2024-1018.[2] Según Hernández Rivera, el foro primario no ordenó la eliminación de la multa de $530.00 en el caso Civil Núm. GAAC2024-1018.

Igualmente, Hernández Rivera anejó al expediente del recurso el *Reporte de Multas Administrativas al Certificado de Licencia de Conducir* a nombre de Hernández Rivera, con fecha del 25 de septiembre de 2024.[3] En el referido documento aparecen cinco (5) boletos con fecha del 24 de septiembre de 2024 en el Municipio de Guayama. El reporte refleja los siguientes boletos: boleto número 92125001215 por la cantidad de $530.00; boleto número 92125001216 por la cantidad de $100.00; boleto número 92155001219 por la cantidad de $50.00; boleto número 92125001217 por la cantidad de $50.00, y; boleto número 92125001218 por la cantidad de $50.00. Lo anterior para un total de $780.00.

Por otro lado, se desprende del expediente que el TPI emitió una determinación el **15 de noviembre de 2024**, notificada el mismo día, en la que declaró "No Ha Lugar" la *Reconsideración* en el caso Civil Núm. GAAC2024-1018.[4] Dicha determinación está dirigida a Hernández Rivera a la siguiente dirección: PO BOX 67 Arroyo, PR 00714. De este modo, el 20 de noviembre de 2024, Hernández Rivera presentó una *Moción* mediante la cual señaló que no había recibido la notificación para solicitar

---

[2] Véase Apéndice del recurso, *Notificación* del TPI del 15 de noviembre de 2024 en el caso Civil Núm. GAAC2024-1018; Apéndice del recurso, *Moción* del 20 de noviembre de 2024 en el caso Civil Núm. GAAC2024-1018.

[3] Véase Apéndice del recurso, *Reporte de Multas Administrativas al Certificado de Licencia de Conducir*.

[4] Véase Apéndice del recurso, *Notificación* del TPI del 15 de noviembre de 2024 en el caso Civil Núm. GAAC2024-1018.

nueva vista. En el encasillado de la dirección postal de la *Moción* aparece la siguiente dirección: P.O. Box 67 Arroyo PR. 00714.

El **26 de diciembre de 2024**, Hernández Rivera presentó por derecho propio un recurso de *certiorari*. Mediante su escrito señaló lo siguiente:

> Yo no estoy de acuerdo con la determinación del Juez José M. Anglada Raffucci. La multa del policía fue por una zona escolar que no está rotulada al pasar la escuela el agente de la policía me dio 5 multas. Al yo radicar para Revisión Boleto Transito el día de la vista con el Juez el policía no compareció. Me quito cuatro multas y dejo la más cara de $530.00

## II

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied Mgmt. Group. v. Oriental Bank*, 204 DPR 374, 385 (2020). La ausencia de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Id.*, pág. 386. Por ello, se ha reiterado "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, viniendo obligados, incluso, a considerar dicho asunto aún en ausencia de planteamiento a esos efectos por las partes, esto es, *motu proprio.*" *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 362 (2001), que cita a *Vázquez v. A.R.PE.*, 128 DPR 513 (1991); *Martínez v. Junta de Planificación*, 109 DPR 839 (1980); *Soc. de Gananciales v. A.F.F.*, 108 DPR 644 (1979). El ineludible deber de auscultar nuestra propia jurisdicción implica, además, **examinar la jurisdicción del foro de donde procede el recurso**. *Allied Mgmt. Group. v. Oriental Bank*, *supra*, pág. 386. Ello así, porque la falta de jurisdicción no es susceptible de ser subsanada ni las partes pueden conferírsela voluntariamente a un tribunal, como tampoco este puede arrogársela. *Id.* Es sabido que un dictamen emitido sin jurisdicción es nulo. *Id.* Por lo dicho, las cuestiones de jurisdicción deben ser resueltas con preferencia. De carecer un tribunal de autoridad, lo único que puede hacer es así declararlo y desestimar la causa sin entrar en los méritos. *González v. Mayagüez Resort & Casino,*

176 DPR 848, 856 (2009); *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989).

Cónsono con lo anterior, el inciso (C) de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, R. 83 (C), dispone que este foro intermedio **podrá denegar la expedición de un auto discrecional** "por cualesquiera de los motivos consignados en el inciso (B) precedente". A tales efectos, la aludida disposición establece los siguientes motivos:

(1) **que el Tribunal de Apelaciones carece de jurisdicción**;

(2) **que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello**.

(3) **que no se ha presentado o proseguido con diligencia** o de buena fe;

(4) **que el recurso** es frívolo y surge claramente que no se ha presentado una controversia sustancial o que **ha sido interpuesto para demorar los procedimientos**;

(5) que el recurso se ha convertido en académico. 4 LPRA Ap. XXII-A, R. 83 (B). (Énfasis nuestro.)

Trazado el marco de derecho pertinente al caso del título, lo aplicamos a continuación.

**III**

Por ser una cuestión de umbral, debemos pronunciarnos en cuanto a nuestra jurisdicción. En el presente caso, la peticionaria presentó el recurso de *certiorari* ante la Secretaría del Tribunal de Apelaciones el **26 de diciembre de 2024**. En esta, acude de la determinación del TPI denegando la *Reconsideración* en el caso Civil Núm. GAAC2024-1018, emitida el **15 de noviembre de 2024** y notificada el mismo día.

Como se sabe, el inciso (b) de la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, establece que el recurso de *certiorari* ante este foro apelativo para revisar las resoluciones u órdenes del TPI debe ser presentado dentro del término de **treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida**. Si bien el término es de cumplimiento estricto, el mismo solo es prorrogable cuando

median circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*, toda vez que carecemos de autoridad para extenderlos automáticamente. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 87 (2013).

Para poder permitir que una parte cumpla tardíamente con un término de cumplimiento estricto se requiere que esta demuestre a cabalidad una justa causa para ello. *Arriaga v. F.S.E.*, 145 DPR 122, 131 (1998). Nuestro Tribunal Supremo ha sido claro en cuanto a que "[n]o es con vaguedades, excusas, o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales." *Id.*, pág. 132. Es a la parte que actúa tardíamente a la que le corresponde hacer constar aquellas circunstancias específicas que debamos considerar como justa causa para prorrogar un término de cumplimiento estricto. *Soto Pino v. Uno Radio Group*, *supra*, pág. 92.

En la presente causa, Hernández Rivera debió presentar el recurso de *certiorari* ante este Tribunal de Apelaciones en o antes del **lunes 16 de diciembre de 2024**, **dentro del término de treinta (30) días a partir de la notificación de la *determinación* del 15 de noviembre de 2024**, la cual declaró sin lugar la solicitud de reconsideración en el caso Civil Núm. GAAC2024-1018.

En conclusión, ante un recurso presentado tardíamente y la falta de acreditación de justa causa, solo corresponde denegar la expedición del auto de *certiorari* por falta de jurisdicción, al amparo de la precitada Regla 83 (C) de nuestro Reglamento, *supra*.

**IV**

A la luz del derecho anteriormente esbozado, denegamos la expedición del auto de *certiorari*.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones